*A. H. Ward, for appellant.*

————, *for appellee.*

---

JAMES MILLER *v.* B. F. ROGERS AND OTHERS.

Judicial Sales—Confirmation of Sale—Nunc pro tunc Order.

Where all the parties directly interested in the sale of land are seeking confirmation of the sale and are desirous of perfecting the title, and the defect consists in the failure to make an order approving the execution of the bonds of guardians of infant defendants, the defect may be cured by an order nunc pro tunc, or by the execution of new bonds under supplemental proceedings.

Infants—Sale of Lands.

There can be no valid objection to the selling of an infant's real estate in conjunction with other and separate interest in land where it is made to appear that the sale would be to the interest of the infant.

Infants—Sale of Lands—Confirmation.

Where the sale of an infant's land is shown to be beneficial to the infant, the chancellor will uphold the sale, unless the proceeding under which the sale was made is so defective as to preclude the chancellor from giving a valid title to the purchaser.

APPEAL FROM BOURBON CIRCUIT COURT.

June 4, 1873.

OPINION BY JUDGE PRYOR:

Benjamin F. Rogers died in the County of Bourbon, the owner of a tract of about four hundred acres of land. He had been twice married, having four children by his first and one child by his last wife. The children by his first wife owned a tract of two hundred acres of land in their own right derived by descent from their mother.

The last wife of Rogers survived him, and by her husband's will was entitled to a life estate in two hundred acres of the land owned by him, including the homestead. After his death his children by his first wife had the two hundred acres of land they owned by descent from their mother divided into two parcels. One parcel was allotted to William S. Rogers, Jr., and Anna C. Rogers jointly, containing ninety-eight and three-fourths acres, and the balance to the other two children. The land allotted to William S. and his sister, Anna, adjoined the two hundred acres devised to the widow for life out of the lands of her husband. The devisor had two daughters, Mrs. Kate Parish and Anna C. Rogers, the last named having intermarried with Israel Stone during the pendency of this suit. By the will of the father the interest in the lands devised to his two daughters was a life estate, and then to their children. The widow of the devisor in conjunction with the adult children, as well as the infant children, and their statutory guardians, filed this petition in equity to sell the four hundred acres of land owned by the father and in which all of his children had an interest, and also the ninety-eight and three-fourths acres of land allotted to William S. Rogers, Jr., and Anna C., his sister, the latter being an infant. The commissioner was directed to sell all the land as one tract, including in it this ninety-eight and three-fourths acres belonging to William S. and Anna, or to sell it in two parcels. The land was sold in two parcels and James Miller, the appellee, was the purchaser of 331 acres, 1 rod and 23 poles, at the price of $145.00 per acre. This purchase by Miller included the two hundred acres devised to the widow for life, and the ninety-eight and three-fourths assigned to William S. and Anna C., out of the land they owned through the mother. The appellee, Miller, insists that by his purchase, under the proceedings instituted for the sale of this land, he acquired no title. One of the grounds relied on is, that no bonds were executed by the guardians and approved by the court prior to the sale. 2. That the

married women were not privily examined.  3.  That it was error to sell the four hundred acres of land in conjunction with the ninety-eight and three-fourths acres, as the child of the last wife of the devisor had no interest in the small tract, and it therefore prejudiced his rights.  4.  That there was no evidence before the court that a sale was necessary.  Upon these objections being made a supplemental pleading was filed by Stone and wife, Anna C., against all the parties in interest for the purpose of curing any defects that may have existed in the original petition and upon the hearing the Chancellor adjudged that the title passed to the purchaser.  All the parties directly and indirectly interested in the sale of this land are seeking a confirmation of the sale and are desirous of perfecting the title.  The law requires that before any sale shall be made of infant's real estate in a case like this, bonds must be executed by the guardians and approved by the court.  These obligations seem to have been executed in court and approved, but by some omission of the clerk the order approving them was not made.  Still the bonds were in court and had really been executed as the law required, and we see no reason why an order *nunc pro tunc,* as was made in this case, did not cure this defect, but if this be not so, the guardians in the supplemental proceeding have executed other bonds that were approved by the court.

We see no valid objections to selling infants' real estate in conjunction with other and separate interests in land, when it is made to appear that such a sale would be to the interest of the infants.

The statute authorizes the sale of infants' real estate and nowhere forbids the Chancellor from selling that estate in conjunction with other lands in which the infant may have no interest.

Where land has been divided between children, some of whom are infants, and deeds made, if it should appear to the Chancellor that the interest of the infants would be enhanced by selling their lots in conjunction with those owned by the adults, he ought at once to render such a judgment.  The defect in the original proceedings in this case was in failing to allege and prove that such a sale would redound to the interest of all the parties.  This, however, is alleged in the supplemental proceeding and is sustained by a number of witnesses fully conversant with the location of the land and the rights of the parties.

It is shown that the addition of this ninety-eight and three-fourths

acres of land to the dower tract made the land as a tract desirable and enhanced its value and no doubt, from the proof, was an inducement for the appellee to make the purchase. The infant child by the last wife cannot complain, as his interest has been advanced by this action on the part of his guardian and sanctioned by the court. The owner, however, of this ninety-eight and three-fourths acres, in order to quiet the title, and remove all cause of complaint, agrees on the record not to assert their right to the purchase price, viz: $145.00 per acre, but to accept the value of the ninety-eight and three-fourths acres of land as if sold without regard to its forming any part of the dower interest. This value is fixed at $110.00 per acre by the appellee himself and by other witnesses. The married women, one of whom was an infant when this action was originally instituted, are now of age and have made and tendered to the appellee, in conjunction with their husband's deeds to their interests properly acknowledged, and which pass the title. If any defect existed by reason of them not being privily examined by the court prior to the rendition of the judgment these deeds certainly cure all such errors. This sale is shown to be beneficial to all the infants and in such a case the Chancellor will uphold the sale unless the proceeding under which it is made is so defective as to preclude the Chancellor, by his judgment, form giving a valid title made to the purchaser. The infants, adults, and guardians all want this sale confirmed. It is shown to be greatly beneficial to the infants. The purchaser wants the land if the title can be made, and in such a case even if the present proceedings were defective and these defects could be cured, this court would remand the case back to the lower court with directions to have such a proceeding instituted as would perfect the title. We are satisfied that in the present case the title passed to the purchaser. The proceeds of the infants' land is held by the Chancellor for reinvestment, and whether he can require the widow to make an election as provided in the will or give to her absolutely the value of her dower interest, or require her to take the annual interest thereon, are questions in which appellee has no interest and are not determined by this judgment. The judgment of the lower court is *affirmed.*

*J. Q. Ward,* for appellant.

*Davis,* for appellee.